UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| TERRY BATTLE,<br><br>Petitioner,<br><br>v.<br><br>THOMAS SMITH, Warden,<br><br>Respondent. | Civil No. 0:18-088-HRW<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Terry Battle is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Battle recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For the reasons set forth below, the Court will deny Battle's petition.

In 2008, a jury convicted Battle of conspiracy to distribute and possess with the intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846. *See United States v. Terry Battle*, No. 2:07-cr-900, at D. E. No. 41 (D.N.J. 2008). The trial court determined that Battle was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or controlled substance offense. *See id.* at D. E. No. 79. As a result, Battle's sentence was enhanced, and

1

the trial court sentenced him to 360 months in prison. *See id.* at D. E. No. 67. Battle filed a direct appeal, but the United States Court of Appeals for the Third Circuit affirmed the district court's judgments of convictions and sentence. *See id.* at D. E. No. 84-2. Battle's subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful. *See Battle v. United States*, No. 2:13-cv-2024 (D.N.J. 2014).

Battle has now filed a § 2241 petition with this Court. The crux of Battle's argument is that, in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and multiple federal circuit court decisions, his prior convictions are no longer valid predicate offenses for purposes of the career-offender enhancement under the sentencing guidelines. Thus, Battle argues that this court should resentence him without the career offender enhancement. [D. E. No. 1-1].

Battle's petition, however, constitutes an impermissible collateral attack on his sentence. That is because although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See*

2

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Battle cannot use a § 2241 petition as a way of challenging his sentence.

Battle nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591, 599 (6th Cir. 2016), to support his position. [D. E. No. 1-1 at 9-10]. It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Battle in 2008, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Battle's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge his federal sentence. *See Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241

3

habeas petition to challenge a federal sentence"). In short, Battle's § 2241 petition is simply unavailing.

Accordingly, it is **ORDERED** that:

1. Battle's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 21st day of August, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge